The opinion of the court was delivered by
Srencer, J.
Relator, Becker, having obtained judgment in the Third District Court of Orleans against William Winkleman, issued execution thereon.
Frederick H. Quick, alleging that Becker was about to cause the seizure of certain premises belonging to him, obtained in the Sixth District Court of Orleans an injunction restraining the execution of said writ. Relator asks that said court be prohibited from proceeding in said cause.
The only question necessary for us to decide is, whether 'the Sixth District Court had jurisdiction and authority to issue said injunction against the process of the Third District Court:
Act No. 86 of 1870 provides, section one — ■“ That whenever a suit or judicial- proceeding is instituted in any of the courts of the parish of Orleans where such court has jurisdiction, all parties to such suits shall be confined exclusively to such court for the trial of all issues or matters that may arise in the course of such litigation, or out of the judgment rendered in such litigation ; and no other judge shall have jurisdiction to grant orders of injunction, sequestration, or any other order by which the proceeding in such litigation or judgment rendered therein, or property in litigation shall be stayed or in any manner interfered with or interrupted; nor shall any other judge grant any of the above orders in favor of any party not a party to such litigation or judgment, claiming to have an interest therein orto be affected .thereby; but all such orders shall be granted by the judge before whom the original suit or judicial proceedings were instituted.”
The second section makes it the duty of the judge who may have granted such order, in contravention of this act, to immediately (on having the fact brought to his knowledge, ex parte or otherwise) revoke and rescind such orders, either in chambers or open court, and to cause the officer in charge of the execution of such writ to be notified of such revocation, and to return the same' at once, etc. It denounces severe penalties for disregarding its provisions.
*1351 We see no reason to doubt that the proceedings in the. Sixth District Court were taken in violation of this mandatory and punitory statute, and are illegal and void.
It is therefore ordered that the provisional writ of prohibition heretofore issued be made peremptory, and that defendants pay costs of this proceeding.